**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| IN THE MATTER OF | : | |
| LUIS RIVERA VELEZ & NANCY | | |
| SANCHEZ MARTINEZ, | : | CASE NO. 05-07953(SEK) |
| | | |
| DEBTORS | : | CHAPTER 11 |



**FILED & ENTERED**

NOV 1 6 2006

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

**OPINION AND ORDER**

Luis Rivera Vélez and Nancy Rivera Vélez are Debtors in possession (Debtors).  They filed a "Nunc Pro Tunc Amendment of Request for Additional Facts and Conclusions of Law Under FRBP Rule 8002 and 7052" from a partial and a final order entered on February 7 and 16, 2006, granting General Electrical Capital Corporation's (G.E. Capital), request for relief from stay.[1] G.E. Capital objects.  We deny Debtors' requests for reasons that follow.

**Background**

We granted G.E. Capital's amended motion for relief from stay filed under 11 U.S.C. § 362(d) based on agreed documentary evidence of record that showed:

1.   Before Debtors filed this petition for bankruptcy, G.E.

---

[1]  we found that General Electric Capital Corporation had waived the thirty day determination period contained in 11 U.S.C. § 362(e). Debtors first motion for additional findings was filed within ten days from entry of the final order granting the motion for lift of stay.  See dkt. # 122.  The court could not understand the requests made in this documents and ordered Debtors to amend these *nunc pro tunc*.  Debtors complied.

obtained a judgment entered by a non bankruptcy court, incorporating the parties' settlement of that complaint. This judgment provided Debtors would pay G.E. Capital twelve consecutive payments of $4,000 each. As relevant, the eighth paragraph of the settlement provides, "El incumplimiento de la parte demandada con los pagos y condiciones contendidas en la presente estipulcaión ... dará derecho a ésta a dar por vencida, líquida y exigible la deuda en cuestión: y a ejecutar la sentencia dictada por el Tribunal...".

2.   Payment history provided by the Debtors showed they did not comply with the settlement merged into a judgment.

3.   Under the terms of the settlement merged into the judgment, G.E. was entitled to accelerate the loan and could not be compelled by this Court to accept an "adequate protection" payment of $8,000 deposited by the Debtors.



4.   The parties agreed that the adversary proceeding filed by the Debtors as 06-00029 shows the collateral mentioned in the settlement has no equity which could serve as a cushion equivalent to adequate protection.

5.   The court granted the motion for lift of stay.

### Discussion

Debtors requests for additional findings is governed by Fed. R. Bankr. P. 7052(b), which mirrors F.R.C.P. 52(b). "The primary purpose of Rule 52(b) is to enable the appellate court to obtain

a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and judgment entered thereon. ... It is said that the motion must raise questions of substance by seeking reconsideration of material findings of fact or conclusions of law ". Wright & Miller, 9A Fed. Practice & Procedure Civil 2d § 2585. "Although Rule 52(b) is not intended to allow parties to rehash old arguments already considered and rejected by the court, [citations omitted], its purpose is to permit the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court." *National Metal Finishing Co., Inc., v. Barclays American Commercial, Inc.*, 899 F.2d 119, 122 (1st Cir.1990). We now examine each request for an additional finding to see whether it meets the stated criteria.



The first two additional findings mentioned in Debtor's motion concern § 362(d)(2)(B). However, G.E.'s motion for relief from stay under 11 U.S.C. § 362(d) allowed the Court to rule based on § 362(d)(1), or § 362(d)(2). We granted the motion based on § 362(d)(1). Therefore, the additional findings #1 and #2 are irrelevant.

Our rulings included Debtors' third proposal. We did find there was no equity in the collateral which could serve as an adequate protection cushion. Hence, this request is moot.

We deny the request for entry on the fourth additional

3

finding sought by Debtors as possession of the collateral does not impede a party from offering adequate protection.

We deny Debtors' fifth and sixth requests as these matters were not brought to our attention before we ruled, and in any event, the findings are irrelevant.

We deny Debtors' seventh, eighth and ninth requests as irrelevant to the court's rulings.

We deny Debtors' tenth request for reasons already stated: we could have ruled under §§ 362(d)(1) or 362(d)(2).

We deny Debtors' thirteenth request because it is an erroneous conclusion of law.

We deny Debtors' requests 11 & 12, 14 because these are irrelevant to the rulings of the court.

The fifteenth request is moot because the court rulings did consider the adequate protection offered by the Debtors, and the valuation of the collateral.

**SO ORDERED**, in San Juan, Puerto Rico, on November 15, 2006.

SARA DE JESUS
U.S. Bankruptcy Judge

4